# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BENITO VICTOR MARTINEZ** | : | **DOCKET NO. 2:06-cv-1372**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG, WARDEN** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Benito Victor Martinez, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

By this petition, the petitioner challenges the custody classification given to him by the Bureau of Prisons (BOP). Specifically, the petitioner claims that the BOP has improperly determined his violent history score, thereby making him ineligible for placement in a prison camp. He contends that in determining his custody classification, the BOP violated its own policy and that its error violates his rights under the Due Process Clause of the U.S. Constitution. He filed this petition for writ of *habeas corpus* on August 10, 2006 seeking to have the court review his custody classification.[1]

---

[1] It is unclear from the face of the petition whether petitioner has exhausted the available administrative remedies with respect to this claim. Nevertheless, because the undersigned finds that petitioner fails to set forth a cognizable claim for *habeas* relief, petitioner was not required to demonstrate exhaustion.

## LAW AND ANALYSIS

In order to be granted a writ of *habeas corpus*, the petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Board of Regents v. Roth,* 92 S.Ct. 2701, 2705 (1972). Generally, a prisoner's liberty interest is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 115 S.Ct. 2293, 2295 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner claims that his current detention violates his due process rights under the Fifth Amendment of the United States Constitution because his custodial classification which was allegedly improperly determined by the BOP has rendered him ineligible for placement in a prison camp. However, it is well settled that prisoners do not have a constitutionally protected liberty interest in being placed in a particular institution or in their custodial classifications. *Olim v. Wakinekona,* 103 S.Ct. 1741, 1745 (1983); *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Myers v. Dretke*, 2005 WL 2716261 (S.D. Tex. 2005); *Taylor v. Sneizek*, 2005 WL 1593671 (N.D. Ohio 2005); *Crite v. Sanders*, 2006 WL 2504310 (E.D. Ark. 2006). Accordingly, petitioner has failed to state a constitutional claim, and he is not entitled to *habeas* relief.

For these reasons,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 6, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE